**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luca Branum, | No. CV-21-01608-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Fry's Food Stores, | |
| Defendant. | |

Pending before the Court are Defendant's motion to dismiss for failure to state a claim (Doc. 7) and Plaintiff's motion for leave to amend (Doc. 18). The Court grants the motion to dismiss and denies leave to amend.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint fails this "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Gilmore v. DJO Inc.*, 663 F. Supp. 2d 856, 859 (D. Ariz. 2009) (quoting *Twombly*, 550 U.S. at 555)). Plaintiff's complaint alleges, in its entirety: "Business tried to prevent, entry, service on basis of disability, medical condition preventing us from wearing masks." (Doc. 1-3 at 12.) The complaint makes no mention of the kind of medical condition that allegedly prevented mask wearing or whether the business actually denied entry or service, or even the date on which the incident(s) occurred. This lacks sufficient factual matter to place Defendant on notice of

the alleged wrongdoing.

Leave to amend should be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). When assessing the propriety of a motion for leave to amend, the court considers factors such as "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Futility alone can justify denying leave to amend. Novak v. United States, 795 F.3d 1012, 1020 (9th Cir. 2015). Plaintiff's proposed amended complaint alleges no new facts that might cure the deficiencies present in the original complaint. Leave to amend is denied.

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 7) is **GRANTED**.

**IT IS ORDERED** that Plaintiff's motion for leave to amend (Doc. 18) is **DENIED**. If Plaintiff wishes, she may, by **June 23, 2022**, file a new motion for leave to amend in compliance with Local Rule 15.1.[1]

**IT IS FURTHER ORDERED** that, if no motion for leave to amend is filed by **June 23, 2022**, the Clerk of the Court is directed to terminate this case without further order.

Dated this 3rd day of June, 2022.

Douglas L. Rayes
United States District Judge

---

[1] Local rules are accessible at the following URL: https://www.azd.uscourts.gov/local-rules.